Nicholas G. Sekas, Esq.
New Jersey Attorney ID No.: 004531987
**SEKAS LAW GROUP, LLC**
530 Sylvan Avenue, Suite 201
Englewood Cliffs, New Jersey 07632
(201) 816-1333
*Attorneys for Plaintiff, Ernest Verrico*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNEST VERRICO,<br><br>  Plaintiff,<br><br>v.<br><br>WELSPUN USA, INC.; BRIAN CROSBY; JULIE McKENZIE; JOHN AND JANE DOES 1-10 (fictitious individuals) and ABC CORPS. 1-10 (fictitious entities),<br><br>  Defendants. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, ERNEST VERRICO, by and through her attorneys, Sekas Law Group, LLC, by way of Complaint against the Defendants, WELSPUN USA, INC., BRIAN CROSBY and JULIE McKENZIE states and alleges as follows:

### PARTIES

1. Plaintiff, ERNEST VERRICO (hereinafter "Plaintiff") resides at 100 Clairmont Avenue, Borough of Westwood, County of Bergen and State of New Jersey 07675 and at all times relevant hereto was employed by Defendant, WELSPUN USA, INC.

2. Defendant, WELSPUN USA, INC. (hereinafter "Welspun") is a business incorporated and existing under the laws of the State of New York with its principal place of business at 295 Fifth Avenue, Suite 1118, City of New York, County of New York and State of

New York.

3. At all relevant times hereto, Defendant, BRIAN CROSBY (hereinafter "Crosby" or "Defendant Crosby") was an employee of Welspun, with supervisory powers over the Plaintiff.

4. At all relevant times hereto, Defendant, JULIE McKENZIE (hereinafter "McKenzie" or "Defendant McKenzie") was Chief Executive Officer of Welspun, with direct supervisory powers over the Plaintiff.

5. At all times relevant hereto Defendants JOHN AND JANE DOES 1-10 and ABC CORPS. 1-10 are the fictitious names of individuals and entities yet undiscovered by Plaintiff who's actions are directly and proximately responsible for Plaintiff's damages complained of herein.

## JURISDICTION AND VENUE

6. The United States District Court for the District of New Jersey has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties to this action are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. Venue is appropriate in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the District.

## FACTS APPLICABLE TO ALL COUNTS

8. Mr. Verrico began his employment with Welspun in or about August 2014 in the sales department. Due to Mr. Verrico's continued success in sales, he was later promoted to the position of East Coast Account Manager.

9. At the time of beginning his employment, Mr. Verrico was one of the oldest employees in his department.

10. By the time of Mr. Verrico's unceremonious termination from Welspun he was sixty-nine (69) years old.

11. Throughout Mr. Verrico's tenure in the sales department for Welspun, he was tasked with handling several large and lucrative accounts including the sales accounts for several large nationwide retailers and department stores.

12. From the beginning of his employment with Welspun, Mr. Verrico achieved excellent sales figures, well exceeding the tens of millions of dollars annually.

13. In the last year of his employment with Welspun, Mr. Verrico had achieved over $50 million in sales annually across all of his accounts, entitling him to an increase in salary from $140,000.00 annually to $155,000.00. However, before Mr. Verrico realized this increase in salary, he was terminated by Welspun.

14. In or about March 2018, a new Chief Executive Office of Welspun, Julie McKenzie, began her tenure and made clear that it was her intention to purge Welspun of any older employees. Subsequent to Ms. McKenzie beginning her tenure as CEO, Mr. Verrico was met with continued and unnecessary admonitions, discriminatory acts and other pretextual actions taken by Defendants including, but not limited to, the following:

    a) Mr. Verrico, as well as other employees, were told that if they were to speak to another employee, also in her sixties, that they would be fired;

    b) Mr. Verrico had projected flat sales for one retailer in particular given the public knowledge that this retailer would be closing several hundred locations nationwide. Even given the rational explanation and projected increases across all other accounts, Mr. Verrico was admonished for "poor sales performance". Upon information and belief, no other sales managers

        were questioned regarding their projections nor had Mr. Verrico been previously questioned in this manner;

    c)    Mr. Verrico had the second highest sales numbers in his department from April 2017 through March 2018, however, he was still told that his sales performance was "poor". Upon information and belief, no other younger employee with this level of sales was admonished for their performed;

    d)    Mr. Verrico was forced to bring a much younger female employee to meetings with several of Welspun's clients prior to his termination; and

    e)    Many other discriminatory actions against Mr. Verrico on account of his age.

15.    Other, younger, Welspun employees were not subject to discriminatory conduct that Mr. Verrico had to endure.

16.    Mr. Verrico was ultimately terminated on April 4, 2018, following a meeting with Defendant McKenzie and Defendant Crosby wherein he was confronted about his "poor sales performance". However, when Mr. Verrico requested an explanation given the high volume of sales he generated, and the projected overall increase in sales for the coming year – Welspun, Defendant McKenzie nor Defendant Crosby offered any further elaboration.

17.    Upon Mr. Verrico's termination, he was asked to asked to execute a severance agreement which cited the elimination of his position as the reason for his termination. However, this was in direct contradiction to Mr. Verrico's meeting with Defendant McKenzie and Defendant Crosby wherein poor sales were cited as the reason for his termionation and upon information and belief, a considerably younger female employee has continued in Mr. Verrico's former position in precisely the same capacity.

18. Defendant Welspun created and ratified the hostile work environment and perpetuated the discriminatory conduct against Mr. Verrico.

19. The foregoing conduct and statements are only examples of the hostile work environment and discriminatory conduct to which Mr. Verrico had been subject to and they do not constitute every instance of hostility and threatening behavior that the Mr. Verrico has suffered as a result of the discrimination for her age.

## FIRST COUNT
### New Jersey Law Against Discrimination – Hostile Work Environment

20. Plaintiff repeats and re-alleges each and every aforegoing allegation as if set forth herein verbatim.

21. Defendants Welspun's, McKenzie's and Crosby's actions, comments, statements and/or discriminatory acts were of a hostile and abusive nature.

22. The conduct of the Defendants encompasses the foregoing acts as well as other unlawful prior and continuing acts of harassment, hostility and abuse.

23. The Plaintiff was upset, offended, humiliated, and embarrassed by Defendants' harassing and abusive conduct and statements causing severe emotional distress

24. Defendants' actions and statements were intended to humiliate and intimidate the Plaintiff because of his age.

25. Other younger employees working under the supervision of Defendants were not treated in a similar fashion at Welspun.

26. The campaign of harassment, hostility and abuse directed at the Plaintiff highlights the Plaintiff's age, and uses the Plaintiff's age to humiliate, embarrass and intimidate him.

27. The harassment, hostility and abuse to which Plaintiff has been subjected to

would not have occurred but for Plaintiff's age.

28. Such behavior on part of Defendants were severe and pervasive enough to make any reasonable person, including the Plaintiff, believe that the conditions of his employment were fundamentally altered and that such an environment was hostile, intimidating, offensive and abusive.

29. Mr. Verrico was forced to endure constant harassment, hostility and abuse as part of his employment, which were not included in Mr. Verrico's duties as an East Coast Account Manager.

30. By subjecting Plaintiff to a hostile work environment virtually on a daily basis, Defendants have caused Plaintiff to suffer profound emotional distress resulting in psychological treatment.

31. The conduct of Defendants would not have occurred, but for Mr. Verrico's age.

32. Due to the hostile work environment and age discrimination engendered by ongoing hostility, abuse and threatening behavior, Plaintiff was terminated on or about April 4, 2018.

33. Pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 1-:5-1 to N.J.S.A. 1-:5-49 ("LAD"), the Defendants are liable for the acts constituting hostile work environment by the harassment of the Plaintiff by Defendants McKenzie and Crosby who are employees and supervisors of Welspun with managerial and supervisory powers over the Plaintiff.

34. Defendant Welspun is an "employer" as defined under the LAD.

35. Defendants McKenzie and Crosby are agents and employees of Welspun.

36. As set forth herein, Defendants created and perpetuated a severe and pervasive

6

hostile work environment in violation of the LAD.

37. Defendants failed to implement any effective, preventative, or remedial measures to protect against harassment, abuse and threatening behavior as Defendants McKenzie and Crosby were supervisors, engaged in abusive of the Plaintiff and other employees during the regular course of employment and as other employees were witness to the abusive behavior and Defendants McKenzie's and Crosby's rude and abusive comments.

38. Defendants have also failed to implement any effective, preventative, or remedial measures to protect against abusive behavior of employees from co-workers, including, but not limited to:

    a) Failure to adequately train supervisory personnel, including upper-level managers;

    b) Failure to institute or implement effective policies or procedures regarding abusive behavior and the reporting and investigation of complaints of same;

    c) Failure to adequately monitor or supervise the illegal activities and discriminatory actions of supervisory personnel, including supervisors;

    d) Failure to provide adequate training to recognize, address, rectify, and/or prevent illegal or discriminatory conduct; and

    e) Failure to adequately rectify, discipline, or prevent known discriminatory conduct by supervisory personnel, including upper-level managers.

39. The conduct engaged in by Defendants constitutes egregious behavior and/or willful indifference by upper management to the rights of Plaintiff sufficient to subject the Defendants to punitive damages.

40. The Plaintiff has been severely injured as a result of such abusive behavior that he

has suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

**WHEREFORE**, Plaintiff, ERNEST VERRICO demands judgment against Defendants, jointly and severally, for harm suffered as a result of hostile work environment in violation of the LAD as follows:

    a)    Compensatory damages;

    b)    Consequential damages;

    c)    Punitive Damages;

    d)    Pre-judgment interest;

    e)    Attorneys' fees, costs, and disbursements with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 292 (1995); and

    f)    Such further relief as the Court may deem just and proper.

## SECOND COUNT
### New Jersey Law Against Discrimination – Age and Gender Discrimination

41. Plaintiff repeats and re-alleges each and every aforegoing allegation as if set forth herein verbatim.

42. Defendants actions, comments and statements were of a hostile, abusive and discriminatory nature.

43. The conduct of the Defendants encompasses the foregoing acts as well as other unlawful prior and continuing acts of harassment, hostility, abuse and age discrimination.

44. The Plaintiff was upset, offended, humiliated, and embarrassed by Defendants' harassing, abusive and discriminatory conduct and statements causing severe emotional distress.

45. Defendants' actions and statements were intended to humiliate, intimidate and discriminate the Plaintiff because of his age.

46. Other younger employees working under the supervision of Defendants were not treated in a similar fashion at Welspun.

47. The campaign of harassment, hostility and abuse directed at the Plaintiff highlights the Plaintiff's age, and uses the Plaintiff's age to humiliate, embarrass and intimidate him.

48. The harassment, hostility and abuse to which Plaintiff has been subjected to would not have occurred but for Plaintiff's age and gender.

49. The conduct of Defendants would not have occurred, but for Mr. Verrico's age.

50. Due to the hostile work environment and age discrimination engendered by ongoing hostility, abuse and threatening behavior, Plaintiff was terminated on or about April 4, 2018.

51. Pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 1-:5-1 to N.J.S.A. 1-:5-49 ("LAD"), the Defendants are liable for the acts constituting hostile work environment by age and gender discrimination of the Plaintiff by Defendants Budesa, Shoemaker and Mack who are employees and supervisors of Quintiles with managerial and supervisory powers over the Plaintiff.

52. Defendant Welspun is an "employer" as defined under the LAD.

53. Defendants McKenzie and Crosby are agents and employees of Welspun.

54. As set forth herein, Defendants created and perpetuated a severe and pervasive hostile work environment in violation of the LAD.

55. Defendants failed to implement any effective, preventative, or remedial measures

to protect against harassment, abuse, threatening and discriminatory behavior as Defendants McKenzie and Crosby were supervisors, engaged in abusive of the Plaintiff and other employees during the regular course of employment and as other employees were witness to the abusive behavior and Defendants rude and abusive comments.

56. Defendants have also failed to implement any effective, preventative, or remedial measures to protect against abusive and age and gender discriminatory behavior of employees from co-workers, including, but not limited to:

    a) Failure to adequately train supervisory personnel, including upper-level managers;

    b) Failure to institute or implement effective policies or procedures regarding abusive behavior and the reporting and investigation of complaints of same;

    c) Failure to adequately monitor or supervise the illegal activities and discriminatory actions of supervisory personnel, including supervisors;

    d) Failure to provide adequate training to recognize, address, rectify, and/or prevent illegal or discriminatory conduct; and

    e) Failure to adequately rectify, discipline, or prevent known discriminatory conduct by supervisory personnel, including upper-level managers.

57. The conduct engaged in by Defendants constitutes egregious behavior and/or willful indifference by upper management to the rights of Plaintiff sufficient to subject the Defendants to punitive damages.

58. The Plaintiff has been severely injured as a result of such abusive and discriminatory behavior that he has suffered, and continues to suffer, severe emotional distress,

humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

**WHEREFORE**, Plaintiff, ERNEST VERRICO demands judgment against Defendants, jointly and severally, for harm suffered as a result of hostile work environment in violation of the LAD as follows:

a)  Compensatory damages;

b)  Consequential damages;

c)  Punitive Damages;

d)  Pre-judgment interest;

e)  Attorneys' fees, costs, and disbursements with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 292 (1995); and

f)  Such further relief as the Court may deem just and proper.

**SEKAS LAW GROUP, LLC**
*Attorneys for Plaintiff, Ernest Verrico*

_____
Nicholas G. Sekas, Esq.
530 Sylvan Avenue, Suite 201
Englewood Cliffs, New Jersey 07632
(201) 816-1333

Dated: August 16, 2018

## JURY DEMAND

The Plaintiff, Ernest Verrico, hereby demands trial by jury on all issues Complained of herein.

                                      **SEKAS LAW GROUP, LLC**
                                      *Attorneys for Plaintiff, Ernest Verrico*

                                      Nicholas G. Sekas, Esq.
                                      530 Sylvan Avenue, Suite 201
                                      Englewood Cliffs, New Jersey 07632
                                      (201) 816-1333

Dated: August 16, 2018